In re Benjamin R. MEYERS, Debtor,

Benjamin R. Meyers, Appellant,

v.

Empire Wholesale Lumber Co., an Ohio Corporation; Eric R.T. Roost, U.S. Bankruptcy Trustee of the Estate of Benjamin R. Meyers, Appellees.

No. 01–35012.

D.C. No. OR–00–01046–KMaB.

United States Court of Appeals, Ninth Circuit.

Submitted Nov. 8, 2002.[*]

Decided Nov. 19, 2002.

Before REAVLEY,[**] KOZINSKI, and W. FLETCHER, Circuit Judges.

MEMORANDUM [***]

Benjamin R. Meyers appeals the decision of the Bankruptcy Appellate Panel

---

[*] The panel unanimously finds this case suitable for decision without oral argument. *See* FED. R.APP. P. 34(a)(2).

[**] Honorable Thomas M. Reavley, Senior United States Circuit Judge for the Fifth Circuit, sitting by designation.

[***] This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9TH CIR R. 36–3.

(BAP). Meyers contends, among other things, that the bankruptcy court erred by entering a judgment against him because Empire Wholesale Lumber Co.'s motion for summary judgment was denied before trial commenced. Meyers's contention reflects a misunderstanding of the effect of a denial of a motion for summary judgment, and we affirm.

Summary judgment is only appropriate if there are no genuine issues of material fact to be tried. FED. R. CIV. PRO. 56. A denial of summary judgment is not a decision on the merits; it is simply a decision that a material issue of fact exists which requires trial. 10A CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 2712 (1998 & Supp.2002).

The district court partially denied Empire's motion for summary judgment because it concluded that the question of Meyers's personal liability for the judgment against his corporation involved unresolved issues of material fact. The district court did not reach the merits of Empire's claim; it simply decided trial would be necessary to determine whether Meyers was personally liable for conversion by his corporation and whether a judgment against Meyers would be dischargeable in bankruptcy. After trial, the bankruptcy court determined that Meyers was personally liable and that the judgment was nondischargeable under 11 U.S.C. § 523(a)(6). The district court's denial of summary judgment and the bankruptcy court's judgment on the merits do not conflict.

None of Meyers's other assignments of error have any merit, and all were addressed by the BAP. We affirm for the reasons stated in the BAP's opinion.

Empire has requested an award of attorney's fees and costs pursuant to Federal Rule of Appellate Procedure 38. Although circumstances suggest that Meyers's appeal is frivolous, we decline to award fees and double costs at this time.

AFFIRMED.

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.